# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LUIS MORALES SAUCEDO**,
an individual,

Plaintiff,

v.

**YOLANDA & MARGARITO, LLC**
**d/b/a R& FAMILY TREE SERVICE**
A Domestic Limited Liability Company**,**
**MARGARITO ROJAS,** an individual,
and, **YOLANDA ROJAS,** an individual
jointly and severally

Defendants

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

1

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant Yolanda & Margarito, LLC d/b/a R & Family Tree Service, ("RFTS ") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant RFTS's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant RFTS employs more than two persons.

13. Defendant Margarito Rojas("Margarito") employs more than two persons.

14. Defendant Yolanda Rojas ("Yoland") employs more than two persons.

15. Defendant RFTS is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Ionia, Michigan, within the United States Judicial District of the Western District of Michigan.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

17. Plaintiff Luis Morales Saucedo is an individual who at all times relevant to this complaint resided in the County of Ionia, State of Michigan.

18. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

19. Defendant Yolanda & Margarito, LLC d/b/a R & Family Tree Service (hereinafter referred to as "RFTS") is a domestic limited liability company whose registered office is located at 5715 S. State Rd. Ionia Michigan 48846.

20. Defendant RFTS' office is actually the residence of Defendants Margarito and Yolanda.

21. Defendant RFTS is tree-cutting services.

22. Defendant Margarito Rojas (hereinafter referred to as "Margarito") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner of Defendant RFTS.

23. Defendant Margarito at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

24. Defendant Yolanda Rojas (hereinafter referred to as " Yolanda") is an individual who is at all times relevant to this complaint who is the resident agent, a co-owner, or has a controlling interest in RFTS.

25. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

26. Plaintiff worked for Defendants from September 2017 to July 12, 2023.

27. Plaintiff ceased working with Defendants due to an accident that caused Plaintiff's shoulder to be dislocated.

28. Plaintiff worked as a general laborer for Defendant RFTS.

29. Plaintiff's responsibilities include but are not limited to cutting trees down, disposing of the branches into the wood chipper, loading and unloading the truck with wood, stump grinding, and any other task that was assigned by Defendant Margarito and Yolanda.

30. Plaintiff was compensated on a daily basis during his employment.

31. In 2023 Plaintiff was compensated $150 on a daily basis for all hours worked for Defendant RFTS.

32. In 2022 Plaintiff was compensated $140 on a daily basis for all hours worked for Defendant RFTS.

33. In 2021 Plaintiff was compensated $130 on a daily basis for all hours worked for Defendant RFTS.

34. In 2017, Plaintiff was compensated $120 on a daily basis for all hours worked for Defendant RFTS.

35. Plaintiff worked Monday through Friday and on occasion would work on a Saturday.

36. Plaintiff would work from 7 a.m. to 7 p.m. sometimes until 9 p.m. averaging a 12-hour work day.

37. At times, Defendants requested that Plaintiff begin working as early as 5:30 a.m. and stay as late as 9:30 p.m.

38. Plaintiff did not have a set time when he would stop working and he would continue to work until the work was completed.

39. Plaintiff was to be compensated on Friday on a weekly basis.

40. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

41. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

42. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

43. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

**WILLFUL VIOLATIONS OF THE FLSA**

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

46. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

47. Defendants did not post the required Department of Labor employee rights poster in a conspicuous place as required by law throughout the Plaintiff's employment.

48. Defendants Margarito and Yolanda utilized Defendants RFTS to subvert their obligations under state and federal law.

49. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

50. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

51. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

53. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

54. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

55. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

56. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

57. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

58. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

59. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

60. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

61. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

62. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek,

7

Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

63. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

64. Defendants' violations of the FLSA were knowing and willful.

65. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

66. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY MINIMUM WAGE

67. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

68. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

69. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

70. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

71. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek. M.C.L. § 408.931

72. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

73. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 *et seq*., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq*.,**
**FAILURE TO PAY OVERTIME**

74. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

75. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

76. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

77. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

78. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work, and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

79. The IWOWA requires an employer to pay employees the state-mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

80. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

81. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: September 29, 2023,       Respectfully Submitted,

*/s/  Robert Anthony Alvarez          .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

10

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 29, 2023,            Respectfully Submitted,

*/s/   Robert Anthony Alvarez           .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/25/2023         /s/ _____
                        Luis Morales Saucedo